IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL H. HOLLAND, CARLO
TARLEY, A. FRANK DUNHAM and
ELLIOT A. SEGAL as Trustees of the
UNITED MINE WORKERS OF AMERICA
1992 BENEFIT PLAN,
2121 K Street, N.W.
Washington, DC  20037

        Plaintiffs,
   v.

SAVAGE INDUSTRIES, INC.
2150 S 1300 E
Salt Lake City, UT  84103, and

WESTERN COAL CARRIERS, INC.
2531 Blichmann Ave.
Grand Junction, CO 81505

        Defendants.

Civil Action No.

## **C O M P L A I N T**

1.     Plaintiffs, Michael H. Holland, Carlo Tarley, A. Frank Dunham and Elliot A. Segal are Trustees of the United Mine Workers of America 1992 Benefit Plan ("the 1992 Plan"). The Trustees are fiduciaries with respect to the 1992 Plan within the meaning of Section 3(21)(A) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(21)(A).  The Trustees conduct the business of the 1992 Plan at 2121 K Street, N.W., Washington, D.C. 20037.

2.     The 1992 Plan is an irrevocable trust fund created pursuant to Section 9712 of the Coal Industry Retiree Health Benefit Act of 1992 ("the Coal Act"), 26 U.S.C. § 9712.

3. The 1992 Plan is a plan described in Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. §186(c)(5); an employee welfare benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3); and a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

4. Defendant Western Coal Carrier Corporation ("Western Coal") is or was a Utah corporation with an office and/or address at 2531 Blichmann Ave., Grand Junction, CO 81505.

5. Defendant Savage Industries, Inc. ("Savage") is or was a Utah corporation, with an office and/or address at 2150 S 1300 E, Salt Lake City, Utah 84103.

6. Jurisdiction is conferred on this Court by Section 9721 of the Coal Act, 26 U.S.C. § 9721; Section 4301(c) of ERISA, 29 U.S.C. § 1451(c); and Section 301 of the LMRA, 29 U.S.C. § 185; 28 U.S.C § 2201; and 28 U.S.C. § 1331.

7. Venue is proper in this district under Section 9721 of the Coal Act, 26 U.S.C. § 9721; and Section 4301(d) of ERISA, 29 U.S.C. § 1451(d).

8. On or about May 12, 1987, Western Coal signed the standard 1988 National Bituminous Coal Wage Agreement ("Wage Agreement"). A copy of the Wage Agreement is attached hereto as Exhibit A. Therefore, Western Coal is a "1988 Agreement Operator" as that term is defined in Section 9701(c)(3) of the Coal Act, 26 U.S.C. § 9701(c)(3).

9. Western Coal is the most recent employer of certain coal industry retirees who are eligible for health benefits under the individual employer health benefit plan that Western Coal, and its related persons, are required to maintain under Section 9711 of the Coal Act, 26 U.S.C. § 9711. Therefore, Western Coal is a "Last Signatory Operator" as that term is defined in Section 9701(c)(4) of the Coal Act, 26 U.S.C. § 9701(c)(4).

10. Savage is a "related person" to Western Coal within the meaning of Section 9701(c)(2)(A) of the Coal Act, 26 U.S.C. § 9701(c)(2)(A). As such, pursuant to Section 9711(c) of the Coal Act, 26 U.S.C. § 9711(c), Savage is jointly and severally liable with Western Coal for the provision of health care coverage described in Sections 9711(a) and 9711(b) of the Coal Act, 26 U.S.C. §§ 9711(a), 9711(b).

11. Sections 9711(a) and (b) of the Coal Act, 26 U.S.C. § 9711(a) and (b), require Savage and Western Coal to maintain an individual employer health plan for employees who were receiving retiree health benefits from Western Coal as of February 1, 1993, or who were age and service eligible for such plan as of February 1, 1993. Savage and Western must continue providing this health benefit coverage for as long as they or any other "related person" remain "in business" within the meaning of the Coal Act.

12. Savage and Western have failed to maintain health care coverage for certain eligible retirees and their dependents in violation of Section 9711 of the Coal Act, 26 U.S.C. § 9711.

13. The 1992 Plan and its Trustees are likely to succeed on the merits. By reason of Savage and Western's failure to provide lifetime retiree health care benefits to Western's eligible beneficiaries in violation of Section 9711 of the Coal Act, 26 U.S.C. § 9711, the eligible beneficiaries, as well as the 1992 Plan and its/their participants and beneficiaries, face immediate and irreparable harm.

14. The Trustees are entitled to injunctive relief prohibiting Defendant Savage Industries, Inc. from failing to provide health care coverage, as required by Section 9711 of the Coal Act to its eligible beneficiaries.

WHEREFORE, the Plaintiffs pray that this Court:

(a) Declare that Defendants Western Coal and Savage are "related persons" within the meaning of Section 9701(c)(2)(A) of the Coal Act, 29 U.S.C. § 9701(c)(2)(A);

(b) Declare that Defendants Savage and Western Coal have violated and continue to violate of Section 9711 of the Coal Act, 26 U.S.C. § 9711;

(c) Issue appropriate injunctive relief prohibiting Defendants Western Coal and Savage from failing to provide health care benefits to the eligible beneficiaries;

(d) Adjudge Defendants Savage and Western liable for all amounts expended by the 1992 Plan in pursuing this action, including reasonable attorneys' fees and court costs with interest; and

(e) Provide such other and further relief as the Court may deem just.

Respectfully submitted,

DAVID W. ALLEN
General Counsel
D.C. Bar No. 81638


/s/
LARRY D. NEWSOME
Associate General Counsel
D.C. Bar No. 254763

        /s/
CHRISTOPHER F. CLARKE
Senior Assistant General Counsel
D.C. Bar No. 441708

UMWA HEALTH & RETIREMENT FUNDS
Office of the General Counsel
2121 K Street, N.W.
Washington, D.C.  20037
Telephone:  202-521-2238

Attorneys for Plaintiffs

197037110.doc

5